# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-02491-TWP-DML |
| | ) | |
| DAVID N. POWELL, and MIDWEST REGIONAL NETWORK FOR INTERVENTION WITH SEX OFFENDERS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANT DAVID POWELL'S MOTION TO DISMISS

This matter is before the Court on Defendant David N. Powell's ("Powell") Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) ([Filing No. 15](#)). Following the discovery of unauthorized use of his photograph of the Indianapolis skyline, Plaintiff Richard N. Bell ("Bell") initiated this action, seeking damages and declaratory and injunctive relief under copyright laws. Bell asserted a claim for copyright infringement and unfair competition. On November 9, 2016, Powell filed his Motion to Dismiss, asserting that there is no factual basis to support any claim of personal liability against Powell for copyright infringement and unfair competition. For the following reasons, the Court **GRANTS** Powell's Motion to Dismiss.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Bell as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Bell is an attorney and a professional photographer. This dispute centers on a photograph taken by Bell in March 2000 of the Indianapolis, Indiana skyline at nighttime ("Indianapolis Nighttime Photo"). Bell published the Indianapolis Nighttime Photo on the Internet five months later, by uploading it to a Webshots account on August 29, 2000. It was later published on a website created by Bell at www.richbellphotos.com. Bell registered the copyright of the Indianapolis Nighttime Photo with the United States Copyright Office on August 4, 2011, approximately eleven years after he first published the photograph on the Internet. Bell has sold licenses for publication of the Indianapolis Nighttime Photo, has retained sole ownership of the copyright, and has used the photograph to promote his photography business (Filing No. 1 at 3–4, ¶¶ 8–14).

Powell is the executive director of the Indiana Prosecuting Attorneys Council ("IPAC"), a state government agency for Indiana's prosecutors, located in Indianapolis, Indiana. As the executive director, Powell directed employees to create and operate IPAC's website. *Id.* at 2, 4, ¶¶ 6, 17. Defendant Midwest Regional Network for Intervention with Sex Offenders ("MRNISO") is an Indiana non-profit organization located in Indianapolis, Indiana. MRNISO created and controlled a website at mrniso.org. *Id.* at 3, 4, ¶¶ 7, 15.

MRNISO downloaded from the Internet and published without authorization or license the Indianapolis Nighttime Photo in its brochure promoting its 2015 MRNISO Spring Conference. Powell then "permitted employees of [IPAC] to republish the 2015 MRNISO Spring Conference Brochure containing the Indianapolis Nighttime Photo without permission from the owner" on IPAC's website. *Id.* at 4, ¶¶ 16, 18. Bell alleges that Powell's copyright infringement on IPAC's website can be found at http://www.in.gov/ipac/files/MRNISO_Spring_Conference_Brochure_2015.pdf. *Id.* at 4, ¶ 18.

During 2015, the website of MRNISO or Powell published the Indianapolis Nighttime Photo for its commercial use without paying for the use and without obtaining the necessary authorization from Bell ([Filing No. 1 at 6](), ¶ 24). Powell permitted third-parties to access IPAC's website and copy the Indianapolis Nighttime Photo to third-party Internet users' computers. *Id.* at 8, ¶ 33. Neither MRNISO nor Powell disclosed the source of the infringed Indianapolis Nighttime Photo or otherwise conferred credit to Bell. *Id.* at 6, ¶ 23.

Bell alleges that Powell and MRNISO are liable because they had the ability to control and supervise the content of their websites and to control and supervise the access of third-party Internet users to their websites. *Id.* at 5, ¶ 20.

In April 2016, Bell discovered through the computer program "Google Images" that the Indianapolis Nighttime Photo was being used without his permission on IPAC's website at http://www.in.gov/ipac/files/MRNISO_Spring_Conference_Brochure_2015.pdf. *Id.* at 6, ¶ 22. As of the date of this Order, this web address is non-functional and does not display the Indianapolis Nighttime Photo or the 2015 MRNISO Spring Conference brochure. MRNISO and Powell have refused to pay for the unauthorized use of the Indianapolis Nighttime Photo. *Id.* at 7, ¶ 28.

On September 18, 2016, Bell filed this action against Powell and MRNISO, asserting a claim for copyright infringement and unfair competition and seeking damages and declaratory and injunctive relief. Shortly thereafter, on November 9, 2016, Powell filed the pending Motion to Dismiss, arguing that no factual basis supports a claim of personal liability against him for copyright infringement and unfair competition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When

deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

In the sole count in his Complaint, Bell asserts claims for copyright infringement and unfair competition against Powell in his individual capacity. Powell asserts that he is entitled to dismissal of both claims because there is no factual basis to support individual liability against him as to

either claim, and there is no legal basis to support the unfair competition claim. The Court will first address the unfair competition claim.

A.     **<u>Unfair Competition</u>**

Powell argues the unfair competition claim must be dismissed because there has been no "passing off," and he is not Bell's competitor. He asserts that unfair competition laws protect against confusion as to the source of goods or services. "[L]iability is imposed for the intentional misrepresentation of goods or services as those of another." *Keaton & Keaton v. Keaton*, 842 N.E.2d 816, 819 (Ind. 2006). There must be deception regarding the source of goods or services. Powell contends that, when considering deception, courts look to "the ordinary buyer making his purchases under the ordinary conditions which prevail in the particular trade to which the controversy relates." *Hammons Mobile Homes, Inc. v. Laser Mobile Home Transp., Inc.*, 501 N.E.2d 458, 461 (Ind. Ct. App. 1986).

Addressing the allegations of Bell's Complaint, Powell argues that there can be no claim for unfair competition because he has not attempted to pass off Bell's photograph as his own. Bell alleged that his photograph was contained in a brochure of non-profit entity MRNISO, and the brochure happened to be linked on IPAC's website at some point in the past. Powell asserts that, because the Indianapolis Nighttime Photo was not used in an IPAC document, no reasonable person could have believed that the executive director of IPAC was attempting to pass off the photograph as his own. Simply put, no person looking at non-profit MRNISO's brochure could have legitimately thought that Powell was claiming Bell's photograph as his own.

Powell argues not only has there been no attempt to pass off Bell's photograph, but Powell is not Bell's competitor. He is not a photographer, he does not provide a good or service in the commercial marketplace, and he has not competed, fairly or unfairly, with Bell's photography

5

business. Instead, Powell manages a state government agency consisting of Indiana's prosecutors; he does not provide goods or services in competition with Bell's photography venture. Thus, Powell argues, Bell has alleged no factual basis to assert a claim for unfair competition, and additionally, there is no legal basis for such a claim.

Bell did not respond to Powell's argument regarding the unfair competition claim. The Court determines that there is no basis to support a claim of unfair competition against Powell. Throughout the Complaint, Bell asserts unsupported, conclusory allegations that Powell claimed to own the Indianapolis Nighttime Photo. The only allegation concerning unfair competition is similarly an unsupported, conclusory allegation:

> Defendants MRNISO and POWELL have engaged in unfair trade practices and unfair competition in connection with its publication of the Indianapolis Nighttime Photo, and that Defendant[s]' publication of the Indianapolis Nighttime Photo failed to designate the source of the stolen Indianapolis Nighttime Photo or otherwise confer credit to the owner and thereby such conduct has disparaged the Plaintiff thus causing irreparable damage.

(Filing No. 1 at 7, ¶ 30.) Bell has not alleged, nor can he, that the executive director of a state government agency is competing with his photography venture in the marketplace. Bell's allegations are insufficient to support a claim for unfair competition against Powell, and thus this claim is dismissed.

**B.**     **Copyright Infringement**

Concerning the copyright infringement claim, Powell asserts that Bell's claim is brought against him in his individual capacity yet all the allegations arise out of his role as the executive director of IPAC. Specifically, he writes, "The allegations against Powell hinge on his role as the Director of IPAC, under the presumption that he probably had the ability to control IPAC's website, not that he actually did." (Filing No. 16 at 3.) "[B]esides naming Powell in his individual capacity, the Complaint has not identified any conduct giving rise to individual and personal

liability." *Id.* Powell argues that Bell's copyright claim is not based on anything Powell actually did but what a person with his title might have the ability to do. Such speculation cannot support a claim for relief.

Powell points to a recent decision from the Eastern District of Kentucky where university officials were sued for copyright infringement in their official and individual capacities. *See Coyle v. Univ. of Ky.*, 2 F. Supp. 3d 1014 (E.D. Ky. 2014). In *Coyle*, the court dismissed the copyright claims against the defendants in their official capacity based on sovereign immunity. *Id.* at 1017–21. Relevant to Powell's argument regarding individual capacity claims, the court explained the individual capacity claim must be dismissed because the allegations did not identify any particular wrongdoing by the defendants but rather only alleged general duties of the officials to infer that they might be in a position to approve of, condone, or acquiesce in the infringing activities. *Id.* at 1021.

Powell asserts that *Coyle*'s focus on personal involvement effectively rejected the application of *respondeat superior* liability to individual capacity copyright claims against state officials. Powell acknowledges the Seventh Circuit has not addressed this exact issue, but he argues the *Coyle* decision in conjunction with the Seventh Circuit's rejection of *respondeat superior* liability in Section 1983 cases leads to the same conclusion in this case—a state official should not have individual liability under the doctrine of *respondeat superior* for a copyright claim where the official did not actually engage in or actively allow the infringing activity.

Powell asserts that Bell's Complaint fails to allege personal liability. Bell simply claims that, as executive director of IPAC, Powell had the ability to control and supervise IPAC's website. From this assumption, Bell "leaps to the inference that Powell 'willfully and recklessly' claimed an ownership right in Plaintiff's photograph, and thereby 'disparaged' Plaintiff." ([Filing No. 16](Filing No. 16)

7

at 5.) Powell argues that Bell never first established the baseline allegation that Powell actually did control IPAC's website or that he was even aware of the materials posted on the website.

Powell explains that he is an attorney and the highest ranking official of a state government agency consisting of Indiana's prosecutors, and it is not part of his job responsibilities to post pictures or brochures on IPAC's website. Powell asserts,

> [Bell] has no idea whether Powell individually did anything beyond hold the title of Director of IPAC. Plaintiff has no factual basis to know whether Powell was personally involved in micro-managing the posts on IPAC's website, and he has no idea whether Powell has even seen the photograph at issue. The mere ability to control the website is not the same as actually doing so, and there is no factual basis to support Plaintiff's speculative and hypothetical claim that Powell should be individually liable for copyright infringement.

*Id.* at 5–6.

In response, Bell asserts that in his role as the executive director of IPAC, Powell is individually liable for copyright infringement that occurs on the website of IPAC as well as on MRNISO's website. Bell asserts that Powell is individually liable for the distribution of the infringed Indianapolis Nighttime Photo, which was "distributed by State employees at conferences or in an online database."[1] (Filing No. 24 at 2.)

Bell explains that "[t]o establish a claim for copyright infringement, a plaintiff must prove that: (1) he owns a valid copyright, and (2) the defendant copied constituent elements of the plaintiff's work that are original." *See JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). He argues his Complaint contains sufficient allegations to establish that he is the copyright owner of the Indianapolis Nighttime Photo and that the copyright is registered with the United States Copyright Office.

---

[1] The Court notes that this new "fact"—the infringed photograph was "distributed by State employees at conferences or in an online database"—was not alleged in the Complaint and therefore is not considered in the Court's decision on the Motion to Dismiss.

Bell reiterates his argument that Powell is individually liable for copyright infringement that occurs on IPAC's website because Powell has the responsibility to control and supervise the content of the website and to supervise IPAC's employees and the content that they distribute. Bell asserts that he has alleged sufficient facts on the face of his Complaint for it to be plausible that "Defendants' illegal use of the Indianapolis Nighttime Photo was published on IPAC's website, and/or MRNISO's website, and Defendants' illegal use was also on published on printable and electronic brochures." (Filing No. 24 at 4.)

Bell supports this assertion by directing the Court's attention to two exhibits attached to his response brief. Exhibit A is titled Spring Conference Brochure (Filing No. 24-1) and Exhibit B is titled Screenshot of IPAC website Current Training Materials Page (Filing No. 24-2.) The Court notes that exhibits attached to a motion to dismiss or a response brief are not considered when deciding a motion to dismiss under Rule 12(b)(6).[2] Even if the exhibits were considered, the Exhibit A does not bear any indication that it is connected to Powell in any way, and Exhibit B does not provide any connection between IPAC and the infringed photograph.

Bell argues that Powell permitted his employees to republish the Indianapolis Nighttime Photo on a "Spring Conference Brochure" without Bell's permission. Then, without distinguishing between the two defendants (Powell and MRNISO), Bell asserts,

> The copyright infringement alleged in Bell's Complaint is plainly obvious, can be seen with the naked eye, and it is certainly plausible on its face that Defendant copied constituent elements of Plaintiff's Indianapolis Nighttime Photo on a Spring Conference Brochure despite the work (the Indianapolis Nighttime Photo) being original. Clearly, it is more than plausible (believable in fact) that the photograph

---

[2]
A court generally may consider only the plaintiff's complaint and exhibits attached thereto when ruling on a Rule 12(b)(6) motion. When a party attaches documents to a motion to dismiss, the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 or exclude the documents attached to the motion to dismiss and continue its analysis under Rule 12.

*Bohanon v. Reiger*, 2017 U.S. Dist. LEXIS 60609, at *9 (S.D. Ind. Apr. 20, 2017) (citations omitted).

used by Defendant in the Spring Conference Brochure and the photograph marked as Exhibit A of Plaintiff's Complaint are one in the same.

([Filing No. 24 at 4](Filing No. 24 at 4).)[3]

The Court begins its analysis by explaining that general allegations against one indistinguishable "Defendant" when multiple defendants have been sued are not sufficient because such does not "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

A review of Bell's Complaint reveals that the claim for individual liability against Powell is premised upon his role as the executive director of a state government agency. The numerous allegations against Powell explain that, as the executive director, Powell "directed" employees to "create" and "operate" IPAC's website ([Filing No. 1 at 2](Filing No. 1 at 2), 4, ¶¶ 6, 17). MRNISO downloaded the Indianapolis Nighttime Photo from the Internet and published it in its brochure promoting its 2015 MRNISO Spring Conference, and then Powell "permitted employees of [IPAC] to republish the 2015 MRNISO Spring Conference Brochure containing the Indianapolis Nighttime Photo without permission from the owner" on IPAC's website. *Id.* at 4, ¶¶ 16, 18. The Complaint alleges that Powell "permitted third-parties" to access IPAC's website and copy the Indianapolis Nighttime Photo to third-party Internet users' computers. *Id.* at 8, ¶ 33. Bell's overarching allegation is that Powell is liable because he "had the ability to control and supervise the content" of IPAC's websites and to "control and supervise the access" of third-party Internet users to IPAC's website. *Id.* at 5, ¶ 20.

Alleging speculative possibilities and unsupported conclusions is not enough in federal court; rather, case law is clear that the pleadings must include enough facts to state a claim to relief

---

[3] Bell also advances the argument that sovereign immunity does not bar any individual claims against Powell. However, Powell did not assert a sovereign immunity defense to the individual claims, and thus, Bell's sovereign immunity argument is irrelevant, so the Court will not address it.

that is plausible, *Hecker*, 556 F.3d at 580, which means the pleadings must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. No such reasonable inference can made in this case based on Bell's allegations as currently pled. The factual basis that is pled is minimal and requires numerous inferences that are insufficient to support individual liability for Powell's role as a state agency director. Bell's allegations are insufficient to assert a copyright claim against Powell in his individual capacity.

In addition, Bell pled that "Defendants POWELL and MRNISO are vicariously liable for each such downloaded copy of the Indianapolis Nighttime Photo initiated by each third party Internet User regardless of whether Defendant was aware that the third party was creating the downloaded copy." ([Filing No. 1 at 8](), ¶ 34.) However, this allegation of vicarious liability for copyright infringement is deficient because "[o]ne infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Colo'n v. Jordan*, 2011 U.S. Dist. LEXIS 31908, at *4 (S.D. Ind. Mar. 25, 2011) (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 437–38 (1984)). As currently pled, the allegations are insufficient to support a theory of vicarious liability.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Powell's Motion to Dismiss ([Filing No. 15]()) is **GRANTED**. Because it may be possible that Bell might have a viable claim under some set of facts that have not been sufficiently alleged, Bell's copyright infringement claim is **dismissed without prejudice**. Bell is granted **thirty (30) days** from the date of this Order to amend his Complaint to replead his copyright claim against Powell. The Court notes that this Order does not address or affect the claims asserted against Defendant MRNISO.

**SO ORDERED.**

Date: 6/12/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Maura K. Kennedy
THE LAW OFFICE OF MAURA K. KENNEDY, LLC
attorneymaurakennedy@gmail.com

Brian Lee Park
OFFICE OF THE INDIANA ATTORNEY GENERAL
brian.park@atg.in.gov

Rebecca L. McClain
OFFICE OF THE INDIANA ATTORNEY GENERAL
rebecca.mcclain@atg.in.gov

Rebecca L. Loeffler
OFFICE OF THE INDIANA ATTORNEY GENERAL
rebecca.loeffler@atg.in.gov

Eric D. Schmadeke
DENSBORN BLACHLY, LLP
eschmadeke@dblaw.com