# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-02491-TWP-DML |
| | ) |
| DAVID N. POWELL, and | ) |
| MIDWEST REGIONAL NETWORK FOR | ) |
| INTERVENTION WITH SEX OFFENDERS, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON DEFENDANT DAVID N. POWELL'S SECOND MOTION TO DISMISS

This matter is before the Court on Defendant David N. Powell's ("Powell") second Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Filing No. 43). Following the discovery of unauthorized use of his nighttime photograph of the Indianapolis skyline, Plaintiff Richard N. Bell ("Bell") filed this action, seeking damages and declaratory and injunctive relief under copyright laws. Bell initially asserted a claim for copyright infringement and unfair competition. Powell filed a first motion to dismiss, asserting that there was no factual basis to support any claim of personal liability against Powell for copyright infringement or unfair competition. The Court dismissed the unfair competition claim and dismissed without prejudice the copyright infringement claim. Bell filed his Amended Complaint, pleading again the copyright infringement claim. Powell filed his second Motion to Dismiss, arguing again that there is no factual basis to support any claim of personal liability against him. For the following reasons, Powell's Motion to Dismiss must be **denied**.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Bell as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The dispute in this action surrounds a photograph taken by Bell of the Indianapolis, Indiana skyline at nighttime ("Indianapolis Nighttime Photo"). After taking the Indianapolis Nighttime Photo in March 2000, Bell published it on the Internet five months later on August 29, 2000, by uploading it to a Webshots account. It was later published on a website created by Bell at www.richbellphotos.com. Bell registered the copyright of the Indianapolis Nighttime Photo with the United States Copyright Office on August 4, 2011, approximately eleven years after he first published the photograph on the Internet. Bell has sold licenses for publication of the Indianapolis Nighttime Photo, has retained sole ownership of the copyright, and has used the photograph to promote his photography business ([Filing No. 40 at 3](#)–4, ¶¶ 11–17).

Defendant Midwest Regional Network for Intervention with Sex Offenders ("MRNISO") is an Indiana non-profit organization located in Indianapolis, Indiana. MRNISO created and controlled a website at mrniso.org. MRNISO used its website to promote and advertise the organization, and it published the Indianapolis Nighttime Photo on its website. MRNISO copied and published the Indianapolis Nighttime Photo onto a brochure, which was available in print and online, promoting its 2015 MRNISO Spring Conference. *Id.* at 2, 4, ¶¶ 9, 18–19.

"MRNISO displayed the Indianapolis Nighttime Photo at the following webpage: http://www.in.gov/ipac/files/MRNISO_Spring_Conference_Brochure_2015.pdf." ([Filing No. 40 at 4](#)–5, ¶ 22.) During 2015, the website of MRNISO published the Indianapolis Nighttime Photo

for its commercial use without paying for the use and without obtaining the necessary authorization from Bell. *Id.* at 5, ¶ 24. It also did not disclose the source of the Indianapolis Nighttime Photo or confer credit to Bell. *Id.* at 5, ¶ 23. MRNISO permitted third-parties to access mrniso.org and copy the Indianapolis Nighttime Photo to the third-party Internet users' computers. *Id.* at 6, ¶ 33.

Powell is the executive director of the Indiana Prosecuting Attorneys Council ("IPAC") located in Indianapolis, Indiana. IPAC is a state government agency consisting of Indiana's prosecutors. "Powell controlled, supervised, had final authority over the content of http://www.in.gov/ipac, and had the authority and responsibility to control and supervise the access of third-party Internet users to those websites." ([Filing No. 40 at 2](#)–3, ¶ 10.) He is "individually responsible for the content of the website http://www.in.gov/ipac and [he] published the 2015 MRNISO Spring Conference Brochure (Exhibit B) on its website at the following webpage http://www.in.gov/ipac/2331 on or around April 6, 2015." *Id.* at 9, ¶ 47. Powell "individually authorized the copying and republication of the Indianapolis Nighttime Photo without permission from the Plaintiff on Defendant POWELL's website http://www.in.gov/ipac/2331 in order to advertise conferences taking place in Indiana including the April 24, 2015 conference." *Id.* at 9–10, ¶ 48. He "individually[] approved the copying of the 2015 MRNISO Spring Conference Brochure containing the 'Indianapolis Nighttime Photo' on to the website http://www.in.gov/ipac." *Id.* at 1, ¶ 3.

The webpage, http://www.in.gov/ipac/2331, included a link to "Learn More" that linked to a PDF document of the 2015 MRNISO Spring Conference Brochure, which included the Indianapolis Nighttime Photo. *Id.* at 10, ¶ 50. By clicking on "Learn More," third-parties automatically downloaded the brochure to their computers as a PDF file. *Id.* Powell did not disclose the source of the Indianapolis Nighttime Photo or confer credit to Bell, and he permitted

3

third-parties to access and download the Indianapolis Nighttime Photo by clicking on a link. *Id.* at 11–12, ¶¶ 57, 60.

In April 2016, Bell discovered through the computer program "Google Images" that the Indianapolis Nighttime Photo was being used without his permission on the webpages http://www.in.gov/ipac/files/MRNISO_Spring_Conference_Brochure_2015.pdf and http://www.in.gov/ipac/2331. *Id.* at 4–5, 10, ¶¶ 22, 50. MRNISO and Powell have not paid and have refused to pay for the unauthorized use of the Indianapolis Nighttime Photo. *Id.* at 5–6, 11, ¶¶ 27–28, 54–55.

On September 18, 2016, Bell filed this action against Powell and MRNISO, asserting a claim for copyright infringement and unfair competition and seeking damages and declaratory and injunctive relief. Shortly thereafter, on November 9, 2016, Powell filed his first motion to dismiss, arguing that no factual basis supported a claim of personal liability against Powell for copyright infringement and unfair competition. The Court granted the first motion to dismiss and explained, "The factual basis that is pled is minimal and requires numerous inferences that are insufficient to support individual liability for Powell's role as a state agency director. Bell's allegations are insufficient to assert a copyright claim against Powell in his individual capacity." ([Filing No. 39 at 11](#).) The Court granted Bell leave to amend his complaint to replead his copyright infringement claim. *Id.* On July 9, 2017, Bell filed his Amended Complaint with separate claims for copyright infringement against Powell and MRNISO ([Filing No. 40](#)). In his Amended Complaint, Bell asserts that Powell "is being sued individually and not as an employee of the state of Indiana." ([Filing No. 40 at 3](#), ¶ 10.) Powell filed his second Motion to Dismiss, and like in his first motion, he argues that Bell's pleadings are factually insufficient to support a claim for liability against Powell individually.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Powell asserts that he is entitled to dismissal of the claim against him because the deficiency that existed in the original complaint still exists in Bell's Amended Complaint. He argues that Bell has simply reasserted that he is suing Powell in his individual capacity with no factual support for personal liability, and it is "still apparent that the only reason Plaintiff chose to sue Director Powell is by virtue of his title, under the theory that Plaintiff believes Powell controlled, supervised and had final authority over the contents of IPAC's website, not that he actually did so." ([Filing No. 44 at 1](Filing No. 44 at 1)–2 (quotation marks omitted).)

As in his first motion to dismiss, Powell argues that his job description does not include posting pictures or brochures on IPAC's website. Again relying on *Coyle v. University of Kentucky*, 2 F. Supp. 3d 1014 (E.D. KY 2014), Powell asserts that individual liability cannot be premised on a theory of *respondeat superior*, but rather, any individual liability for copyright infringement must be based on his own personal involvement. Powell argues that Bell's allegations are based on what a person with Powell's title might have the ability to do rather than on what Powell actually personally did. He asserts that the Amended Complaint is filled with unsupported conclusions.

In response, Bell argues that he has adequately pled both direct and secondary liability for copyright infringement against Powell in his individual capacity. Bell points to paragraphs three, forty-seven, forty-eight, and forty-nine of his Amended Complaint to support his claim that Powell is individually liable. Bell notes that IPAC's website lists Powell's name, and he alleges that Powell individually authorized the copying and republication of the Indianapolis Nighttime Photo without permission on IPAC's website. Bell asserts that his allegation that Powell's personal and

direct involvement in republishing the Indianapolis Nighttime Photo without permission is enough to survive a motion to dismiss the individual capacity claim against Powell.

When deciding a motion to dismiss, the merits of the claim and the sufficiency of the evidence are not considered. Rather, the low bar at this stage of the litigation is determining whether the factual allegations—taken as true—state a claim for relief.

Taken as true, the Amended Complaint alleges that Powell is "individually responsible for the content of the website http://www.in.gov/ipac and [he] published the 2015 MRNISO Spring Conference Brochure (Exhibit B) on its website at the following webpage http://www.in.gov/ipac/2331 on or around April 6, 2015." (Filing No. 40 at 9, ¶ 47.) Powell "individually authorized the copying and republication of the Indianapolis Nighttime Photo without permission from the Plaintiff on Defendant POWELL's website http://www.in.gov/ipac/2331 in order to advertise conferences taking place in Indiana including the April 24, 2015 conference." *Id.* at 9–10, ¶ 48. He "individually[] approved the copying of the 2015 MRNISO Spring Conference Brochure containing the 'Indianapolis Nighttime Photo' on to the website http://www. in.gov/ipac." *Id.* at 1, ¶ 3. These allegations assert a personal and direct involvement by Powell. At the motion to dismiss stage, the Court must accept Bell's factual allegation that Powell individually authorized the copying, republication and other direct involvement as alleged in the Amended Complaint. These allegations are sufficient to allow a claim for copyright infringement against Powell in his individual capacity to move beyond the motion to dismiss stage.

## IV. <u>CONCLUSION</u>

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether a plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*,

416 U.S. 232, 236 (1974). For the foregoing reasons, the Court finds Bell's claim for copyright infringement has survived the initial hurdle of a motion to dismiss. Whether the claim can survive summary judgment is a matter for another day. Accordingly, the Court **DENIES** Powell's Motion to Dismiss (Filing No. 43).

Based on the parties' pleadings and arguments, the Court believes this matter might be resolved through a summary judgment motion. The dispositive motions deadline passed before Powell filed his second motion to dismiss. In the event that either party agrees, the Court **extends** the **dispositive motions deadline** to **thirty (30) days** from the date of this Order. To allow sufficient time for briefing, analysis and ruling on any dispositive motion that might be filed, the May 14, 2018 trial and April 18, 2018 final pretrial conference are **VACATED**.

This matter is **RESCHEDULED** for jury trial on November 19, 2018 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana, and the final pretrial conference on October 24, 2018 at 2:00 p.m. in Room 330, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana.

**SO ORDERED.**

Date: 2/23/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Maura K. Kennedy
LAW OFFICE OF MAURA K. KENNEDY
attorneymaurakennedy@gmail.com

Eric D. Schmadeke
DENSBORN BLACHLY LLP
eschmadeke@dblaw.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Rebecca L. Loeffler
INDIANA ATTORNEY GENERAL
rebecca.loeffler@atg.in.gov

Rebecca L. McClain
INDIANA ATTORNEY GENERAL
rebecca.mcclain@atg.in.gov