UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:16-CV-02491-TWP-DLP |
| | ) | |
| DAVID N. POWELL, Individually and MIDWEST REGIONAL NETWORK FOR INTERVENTION WITH SEX OFFENDERS, | ) ) ) ) ) | |
| Defendants. | ) | |

## MRNISO'S REPLY IN SUPPORT OF AMENDED MOTION FOR ATTORNEY'S FEES & COSTS

Comes now Defendant Midwest Regional Network for Intervention with Sex Offenders ("MRNISO"), by counsel, to reply to Richard Bell's ("Bell") Response in Opposition to Defendant MRNISO's Motion for Fees ("Response") and states the following:

1. Bell's response does not address or dispute that MRNISO was a prevailing party or that *Fogerty* Factors favor the award of fees to MRNISO in this case.

MRNISO's *Motion for Fees* established the MRNISO is a "prevailing party" entitled to be awarded attorney's fees pursuant to 17 U.S.C. § 505. The 7th Circuit has

4815-8479-5010, v. 4

held that a litigant prevails "when it obtains a 'material alteration of the legal relationship of the parties'". *Hyperquest, Inc. v. N'Site Solutions, Inc.,* 632 F.3d 377, 387 (7th Cir. 2011) (citations omitted).

This Court rendered its Final Judgment in favor of MRNISO and David N. Powell ("Powell") and against Plaintiff on October 11, 2018. Therefore, it is indisputable that MRNISO and Powell are the "prevailing parties". *Plaintiff's Response* not only fails to dispute that MRNISO and Powell are the prevailing parties, but it also fails to address prevailing parties at all.

Powell, MRNISO's co-defendant, filed his Motion for Attorney's Fees ("Powell's Motion"), which discussed the factors set forth in *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994). In its original Motion, MRNISO incorporated, joined, and adopted Powell's Motion and argument on the *Fogerty* factors, with the exception of Powell's 11th Amendment claims. In its Amended Motion, MRNISO supplemented those arguments with additional discussion of *Fogerty* and its applicability to this case.

The *Fogerty* factors are several nonexclusive factors that are used by district courts in determining whether to exercise their discretion to award costs and fees in a copyright case. *See Fogerty*, n. 19. These factors include "frivolousness, motivation, objective unreasonableness (both in the factor and in the legal components of the case) and the need in the particular circumstances to advance considerations of compensation and deterrence." *Id.*

MRNISO's Amended Motion specifically addressed all four of the *Fogerty* factors and clearly spelled out how each factor weighs in favor of awarding attorneys' fees and

4815-8479-5010, v. 4

costs to MRNISO. Bell's *Response* neither addresses any of the *Fogerty* factors, nor does it seek to deny or refute any of the conduct MRNISO claims entitles it to fees.

Specifically, Bell failed to deny that he frivolously filed a lawsuit to which he knew a valid defense existed; that his motives in bringing this lawsuit were anything but improper;[1] that his claims were objectively unreasonable[2]; and that awarding fees would advance considerations of compensation and deterrence.[3] Because Bell has failed to refute any of the *Fogerty* factors, this Court should conclude that the fact that MRNISO is entitled to its reasonable attorney's fees and costs as requested and supported in its Amended Motion.

2. **The fact that MRNISO was being represented *pro bono* does not preclude an award of attorney fees.**

In *Plaintiff's Response*, Plaintiff urges the Court to deny MRNISO's request for attorney's fees and costs in part because MRNISO's counsel, Densborn Blachly LLP, undertook this case on a pro bono basis.

Plaintiff's reliance on *Westefer v. Snyder*, 2013 WL 1286971, *6 (S.D. Ill. 2013) is misplaced. The *Westefer* Court went out of its way to explain that its ruling was "not intended for general application to fee requests by pro bono counsel...rather, the

---

[1] It is clear Plaintiff filed this lawsuit, much like he has done dozens of other times, expecting to obtain a quick, low-figure settlement rather than to protect a copyright.
[2] It was unreasonable for Plaintiff to assert a claim against Defendant when it was apparent Defendant had a valid defense.
[3] This Court has previously awarded attorney's fees on the basis of Plaintiff's misuse of the judicial system. See, *Bell v. Lantz*, 2015 U.S. Dist. LEXIS 73616 (S.D. Ind. 2015) ("The Court is persuaded by Mr. Lantz's argument that the motivation of Mr. Bell in filing this action appears to be an attempt to extract quick, small settlements from many defendants instead of using the judicial process to protect his copyright against legitimate infringing actors.")

recommendation is confined to DLA Piper's role in *this* case." *Id.* at 7. [4] Even so, the fact that Bell cites the *Westefer* case, which determining whether attorney's fees should be awarded pursuant to 42 U.S.C. §1988(b) bodes well for MRNISO, as the Supreme Court of the United States has expressly determined that the fee-shifting provisions of 42 U.S.C. §1988(b) apply to *pro bono* counsel.

> "it is…clear from the legislative history that Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization. The citations to *Stanford Daily* and *Davis* make this explicit. In *Stanford Daily*, the court held that it "must avoid ... decreasing reasonable fees because the attorneys conducted the litigation more as an act of pro bono publico than as an effort at securing a large monetary return." 64 F.R.D., at 681. In *Davis*, the court held: In determining the amount of fees to be awarded, it is not legally relevant that plaintiffs' counsel ... are employed by ... a privately funded non-profit public interest law firm. It is in the interest of the public that such law firms be awarded reasonable attorneys' fees to be computed in the traditional manner when its counsel perform legal services otherwise entitling them to the award of attorneys' fees. 8 Empl.Prac.Dec., at 5048–5049.
>
> The statute and legislative history establish that "reasonable fees" under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel. The policy arguments advanced in favor of a cost-based standard should be addressed to Congress rather than to this Court."
>
> *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984).

The fact that MRNISO's counsel stated that he was representing MRNISO pro bono during a pre-trial conference with the Court is inconsequential. That statement

---

[4] In deciding against an award of attorney's fees, the court relied heavily on a recommendation made by a Special Master appointed in the case who found that the requesting party had "taken great lengths to publicize its pro bono efforts in [the] case" and that "[t]he goodwill and recognition [the requesting party had] received from the public, the legal community and its client base as a result of this case is immeasurable." Here, Densborn Blachly LLP has not made any efforts to publicize its pro bono efforts in this case, nor has there been any evidence presented by the plaintiff that it received goodwill or recognition received from the public, the legal community, or client base as a result of this case.

4

was made in response to the plaintiff's settlement demand which included (if memory serves) something to the effect that MRNISO should settle with Bell to save itself from the expense of continuing to litigate. The fact that MRNISO was being represented *pro bono* was relevant to rebut Bell's assumption, but has no bearing here.

### 3. The time spent by Bell's counsel and counsel for the co-defendant are not appropriate yardsticks.

The lodestar calculation, is the "guiding light of our fee-shifting jurisprudence." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Mr. Bell would like to upend the lodestar calculation by having this Court use the amount spent by his attorney as the basis for reasonableness. Even if we accepted Mr. Bell's novel but self-serving proposition, we would still be dealing with apples and oranges. Bell and Maura Kennedy have considerable experience with the 70+ cases Bell has filed in the Southern District of Indiana dealing with the photographs in dispute. Bell's similar proposition that "any time greater than the time Plaintiff's counsel spent…is absolutely excessive" is also an ill-disguised false equivalency, because Bell's counsel, Maura Kennedy, is not the one doing the majority of the work in this case. Exhibit A to the Bell's Response, demonstrates that it was Bell himself, and not Ms. Kennedy, drafting and preparing many of the major pleadings, including his Motion for Summary Judgment. Bell's Motion for Summary Judgment was filed on April 9, 2018, [5] Ms. Kennedy's time records reflect she did nothing but the final review and touch-up with respect to that Motion.

---

[5]

| 04/09/2018 | 76 | MOTION for Summary Judgment , filed by Plaintiff RICHARD N. BELL. (Kennedy, Maura) (Entered: 04/09/2018) |

| | | | |
|---|---|---|---|
| 2/23/2018 | Reviewed and downloaded Judge's order denying Defendant powell's motion to dismiss | | 0.30 |
| 4/9/2018 | 0.5 phone call 3:27pm (MSJ Powell) | | 0.50 |
| 4/8/2018 | 0.3 phone call with bell (MSJ Powell) | | 0.30 |
| 4/9/2018 | 1.5 review of his final draft, table of contents | | 1.50 |
| 4/9/2018 | 0.5 create exhibit labels for all exhibits and send bell exhibit I that I think we should include. | | 0.50 |
| 4/9/2018 | 0.1 call from client yes use exhibit I needs to be included too. | | 0.10 |
| 4/9/2018 | 0.2 Filing MSJ with all exhibits on ECF: 0.2 | | 0.20 |
| 4/10/2018 | Download MRNISO's MSJ and exhibits and review | | |

Bell's cites that MRNISO spent $33,375 worth of time between February 26 and June 5, 2018 "defending Plaintiff's Motion for Summary Judgment" as an example of excessiveness, but it too is both inaccurate and oversimplified. The number and scope of the issues worked on during that time period are reflected in the billing records and speak for themselves. That MRNISO won a complete victory in the summary judgment stage of this case is evidence enough that the time spent was reasonable.

4. The other examples of excessive time cited by Bell aren't supported by the law or facts.

---

| 04/09/2018 | 77 | BRIEF/MEMORANDUM in Support re 76 MOTION for Summary Judgment , filed by Plaintiff RICHARD N. BELL. (Attachments: # 1 Exhibit 1: Declaration of Richard N Bell in Support of MSJ, # 2 Exhibit A: Indianapolis Nighttime Photo, # 3 Exhibit B: Sales Records, # 4 Exhibit C: Copyright Certificate, # 5 Exhibit D: The Indiana Prosecutor 2014 3rd Qtr, # 6 Exhibit E: IPAC Invitation to Post Training, # 7 Exhibit F: Spring MRNISO Conference Brochure, # 8 Exhibit G: Link to Learn More to Download MRNISO Conference Brochure, # 9 Exhibit H: IPAC Website Showing Defendant Powell Publishing Indy Photo, # 10 Exhibit I: Landscape Photographs of Indianapolis Deposited with Copyright Office)(Kennedy, Maura) (Entered: 04/09/2018) |

Bell argues in ¶ 25 of his response that there are "several examples of excessive time," and then cites one specific example. That is, 2.5 hours Schmadeke spent on 11/17/2016.

| 11/17/2016 | EDS | Attendance at initial pretrial conference at Federal Court; follow up regarding demand letter, etc. | 285.00 | 2.50 | 712.50 |

Bell argues that this is obvious example of overbilling, because his counsel only remembers the pretrial conference that day lasting 30-45 minutes. Densborn Blachly LLP is located on the North side of Indianapolis, and it generally takes 30 minutes to get to/from the Federal Courthouse. The undersigned also does his best to arrive 15 minutes prior to hearings.

Breaking it down generally (based on customary practice with respect to pre-trial conferences):

| | |
|---|---|
| Gather file and review notes to prepare for Pre-Trial | .25 hours |
| Travel to Courthouse from Office | .5 hours |
| Arrive 15 minutes early | .25 hours |
| Pre-trial Conference | .75 hours |
| Travel from Courthouse to Office | .5 hours |
| Follow up with client and co-counsel re plaintiff's settlement demand letter and email sent by Maura Kennedy on November 17, 2016 at 11:27am | .25 hours |
| Total | 2.5 hours |

7

Compare that to Bell's co-counsel spent 1.7 hours Bell's counsel spent on 11/17/2016 preparing for and attending the PTC by telephone, and it is hard to understand what Bell has to complain of. (Response, Exhibit A, page 1).

Bell's next line of attack is to argue that the time spent by associates in this "simple" was excessive, and due to "turnover" and "lack of knowledge in copyright cases." (Response ¶ 31). An examination of the docket arguments made in the summary judgment pleadings shows that this case was neither "straightforward" nor "short-lived" as Bell would like this Court to believe. (Response ¶ 22). MRNISO's very existence was on the line, and its counsel was well-aware of the stakes. That the associates expended as much effort as they did for a client they knew could never pay is a fact the undersigned is proud of, and the results they helped achieve speak for themselves.

Likewise, Bell's repeated declarations that the rates charged in this case are excessive are made without evidence, citation, or explanation. For a reasonable comparison in the marketplace, MRNISO would point the Court's attention to the case of *Bell v. Hess*, Case 1:16-cv-02463-TWP-DLP. In that case Bell was defeated early in the case on a Motion for Judgment on the Pleadings. The attorneys for the prevailing party defendants filed a Declaration for Attorney Fees, Document 61-1. The lodestar calculation for the time spent to prevail at that earlier stage of litigation was over $83,000. (61-1, page 25). The partner in charge, charged $480 - $535 dollars and hour and the senior paralegal in that case charged $330 an hour. This at least demonstrates that the hourly rates charged in this case by Densborn Blachly do not even touch the

upper end of the market in Indianapolis, and Bell's subjective complaints concerning five "highly priced attorneys" should be disregarded.

### 5. The fact that time was added in the Amended Motion was also reasonable.

In ¶¶ 5-7 of the Response, Bell takes issue with the additional time added in the Amended Motion. MRNISO's counsel explained in detail how that time was determined and recorded in the Affidavit of Eric Schmadeke attached to the Amended Motion, so it will not be readdressed here. It is important to note that Bell's Response does not dispute that the time was actually spent, only that it should be disregarded because the majority of the *additional* time (84.2 hours) was not contemporaneously recorded. Bell has been down this road before and lost. *Bell v. Taylor*, 2016 WL 4528382, at *4 (S.D. Ind. Aug. 30, 2016). In that case he cited the same cases and made the same argument – which this Court expressly rejected.

Bell admits that he agreed to allow MRNISO to submit additional evidence regarding its attorney fee motion in exchange for the discovery he sought. (Response ¶ 4). Counsel for MRNISO admits that it traded the ordeal of submitting to Bell's discovery requests, for the opportunity and additional time to review and account for unrecorded time spent on the case file. That was the deal, and it that it did not play out the way Bell hoped should have no bearing on the determination of reasonableness.

For the reasons outlined above and in the Amended Motion, MRNISO respectfully requests the Court award it its reasonable attorney fees in this case, and an additional $1,950 ($300 x 6.5 hours) for the time expended in litigating since the Amended Motion was filed.

Dated: December 14, 2018

Respectfully Submitted,

/s/ Eric D. Schmadeke
Eric D. Schmadeke, #27329-49
DENSBORN BLACHLY, LLP 500 E.
96th Street, Suite 100
Indianapolis, IN 46240
Phone: 317-669-0129
Fax: 317-218-3919
Email: eschmadeke@dblaw.com

4815-8479-5010, v. 4

CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

Richard N. Bell
Bell Law Firm
10042 Springstone Road
McCordsville, IN 46055
richbell@comcast.net

Maura K. Kennedy
THE LAW OFFICE OF MAURA K. KENNEDY, LLC
P.O. BOX 55587
Indianapolis, IN 46205
(317) 370-8795
(317) 536-3981 (fax)
attorneymaurakennedy@gmail.com

Bryan Findley
OFFICE OF INDIANA ATTORNEY GENERAL
302 West Washington Street
Indiana Government Center South, Fifth Floor
Indianapolis, IN 46204
317-232-6217
bryan.findley@atg.in.gov

/s/ Eric D. Schmadeke
Eric D. Schmadeke

DENSBORN BLACHLY LLP
Attorney No. 27329-49
500 East 96th Street, Suite 100
Indianapolis, IN 46240
(317) 669-0129 – FAX: (317) 218-3919
eschmadeke@dblaw.com

4815-8479-5010, v. 4