UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-02491-TWP-DLP |
| | ) |
| DAVID N. POWELL, and | ) |
| MIDWEST REGIONAL NETWORK FOR | ) |
| INTERVENTION WITH SEX OFFENDERS, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTIONS FOR
ATTORNEY FEES AND BILL OF COSTS**

This matter is before the Court on Motions for Attorney Fees and Bill of Costs filed by Defendants David N. Powell ("Powell") and Midwest Regional Network for Intervention with Sex Offenders ("MRNISO") (Filing No. 102; Filing No. 103; Filing No. 104; Filing No. 109). The Defendants filed their Motions pursuant to 17 U.S.C. § 505 of the Copyright Act after they became the "prevailing party" in this Copyright Act case. For the following reasons, the Court **grants** MRNISO's Motions and awards it $76,200.05 in fees and costs.

I. **BACKGROUND**

On September 18, 2016, Plaintiff Richard N. Bell ("Bell"), an attorney and professional photographer, filed a Complaint against Powell and MRNISO, asserting a claim pursuant to the Federal Copyright Act, 17 U.S.C. §101 *et seq.*, for copyright infringement of a photograph of the Indianapolis, Indiana skyline taken by Bell. He requested damages and declaratory and injunctive relief (Filing No. 1). Powell filed a motion to dismiss, which was granted, and Bell was permitted to amend his Complaint (Filing No. 39). Powell filed a second motion to dismiss, which was denied (Filing No. 63). Bell, Powell, and MRNISO then filed cross-motions for summary

judgment. Summary judgment was granted in favor of Powell based on Eleventh Amendment immunity, and it was granted in favor of MRNISO based on the "fair use doctrine." ([Filing No. 99](#).) With Bell's claims being dismissed on the cross-motions for summary judgment, the Court entered Final Judgment in favor of Powell and MRNISO and against Bell on October 11, 2018 ([Filing No. 100](#)).

On October 25, 2018, Powell filed his Motion for Attorney Fees pursuant to 17 U.S.C. § 505 ([Filing No. 102](#)). That same day, MRNISO filed its Motion to Join in Powell's Motion for Attorney Fees and Costs ([Filing No. 103](#)), as well as its Bill of Costs ([Filing No. 104](#)). After MRNISO filed its Motions, Bell requested additional documents and statements regarding MRNISO's request for fees. MRNISO agreed to provide supplemental evidence, statements, and authority in an amended motion. Thereafter, MRNISO filed its Amended Motion to Join in Powell's Motion for Attorney Fees and Costs ([Filing No. 109](#)). As the prevailing defendants in a copyright action, Powell and MRNISO seek their costs and attorney fees pursuant to 17 U.S.C. § 505.

## II. LEGAL STANDARD

Under 17 U.S.C. § 505, in any copyright civil action, the district court in its discretion may allow the recovery of all costs of litigation, including an award of a reasonable attorney's fee as part of those costs, to the prevailing party. A party prevails "when it obtains a 'material alteration of the legal relationship of the parties.'" *Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 387 (7th Cir. 2011) (quoting *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008)). "Defendants who defeat a copyright infringement action are entitled to a strong presumption in favor of a grant of fees." *Hyperquest*, 632 F.3d at 387. "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of

awarding fees is very strong." *Assessment Techs. of WI, LLC v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004); *see also FM Indus. v. Citicorp Credit Servs.*, 614 F.3d 335, 339 (7th Cir. 2010) ("a defendant that prevails in copyright litigation is presumptively entitled to fees under § 505").

The United States Supreme Court noted that in determining whether to exercise its discretion to award costs and fees in a copyright case, district courts should look to a number of nonexclusive factors including: (1) the frivolousness of the action; (2) the losing party's motivation for filing or contesting the action; (3) the objective unreasonableness of the action; and (4) the need to "advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994).

### III. DISCUSSION

Powell filed his Motion for Attorney Fees, which was followed by MRNISO's Motion to Join in Powell's Motion for Attorney Fees and Costs, MRNISO's Bill of Costs, and MRNISO's Amended Motion to Join in Powell's Motion for Attorney Fees and Costs. The Court will first address Powell's Motion and then turn to MRNISO's filings.

**A.      Powell's Motion for Attorney Fees**

After prevailing against Bell on summary judgment, Powell filed his Motion for Attorney Fees, relying on the strong presumption of awarding fees and costs to prevailing defendants in copyright infringement cases and also discussing the *Fogerty* factors' application to this case. Soon thereafter, Bell filed a "Report of Settlement Between Powell and Bell" and asserted that he and Powell had reached a proposed settlement that was "being reviewed by Powell and the State of Indiana." ([Filing No. 110 at 1](#).) Bell asked the Court to stay all deadlines regarding Powell's Motion to allow the parties to finalize their settlement. Powell did not file any response or opposition to Bell's "Report of Settlement Between Powell and Bell" or the requested stay. The

Court entered an Order "vacating all deadlines as between Bell and Powell and enter[ed] a stay as it relates to Powell and Bell only." (Filing No. 112 at 1.)

In light of Powell and Bell's apparent negotiated settlement of the claim for fees and costs, the Court now **lifts the stay and denies as moot** Powell's Motion for Attorney Fees (Filing No. 102). The denial of the Motion is without prejudice to refiling the motion in the event the parties are unable to finalize their settlement.

**B.      MRNISO's Motions**

As an initial matter, MRNISO's Motion and Amended Motion for Fees and Costs are styled as "Requests to Join in Powell's Motion for Attorney Fees and Costs" in addition to MRNISO's own independent Motion for Fees and Costs. To the extent that MRNISO asks to "join, incorporate, and adopt" Powell's arguments into its Motions, that request is **granted**.

MRNISO points out that it is a prevailing defendant in a copyright case because it prevailed on summary judgment, defeating Bell's claims, and final judgment was entered in its favor. MRNISO also explains that the *Fogerty* factors support awarding its attorney fees and costs. MRNISO asserts that Bell's claim was frivolous because he sought damages and injunctive relief even though he knew there was no ongoing copyright violation to be enjoined. The Defendants had to defend this case for more than two years only to end with the result that the designated evidence pointed to one conclusion: the fair use doctrine applied to MRNISO's use of the photograph. Bell's legal experience in copyright law should have led him to the same conclusion regarding MRNISO before filing a lawsuit, yet he proceeded anyway. Bell argued in this case that if he prevailed at summary judgment against MRNISO, he should be entitled to attorney fees, so the same applies to MRNISO.

MRNISO asserts that the Court is well versed with Bell's copyright claims and has more than once called into question the motivation behind his claims—whether it is an attempt to protect copyright interests or to simply try to extract quick settlements from innocent or immune defendants. MRNISO further argues that Bell's claim was objectively unreasonable as shown by the designated evidence (viewed in Bell's favor), which led to the conclusion that the fair use doctrine and Eleventh Amendment immunity barred his claim. An award of fees would help deter the filing of unreasonable and frivolous copyright claims.

In his response, Bell did not oppose or even respond to MRNISO's arguments that it is the prevailing party and that the *Fogerty* factors support awarding its attorney fees and costs. The Court agrees with the arguments presented by MRNISO and therefore concludes that MRNISO is entitled to an award of its fees and costs as the prevailing defendant in a copyright case.

In its initial Motion for Attorney Fees and Costs, MRNISO requested $55,751.30 in fees and costs, and it submitted an affidavit from attorney Eric D. Schmadeke and a billing statement to support the fee request ([Filing No. 103 at 3](); [Filing No. 103-1](); [Filing No. 103-2]()). It asserted that the fee request was reasonable based on the lodestar method of calculation by multiplying the number of hours reasonably expended in the case by the reasonable hourly rate of the attorneys. MRNISO also asserted the fee request was reasonable based on the successful result obtained in the case, which allowed MRNISO (a small non-profit entity) to remain in existence as this lawsuit threatened its very existence.

In its Amended Motion for Attorney Fees and Costs, MRNISO requested $77,970.05 in fees and costs, indicating that its number of hours spent on the case increased from 199.3 hours to 282.3 hours based on counsel's audit and review of the billing statement and case records. MRNISO's counsel explained,

5

> In some instances, I determined that time spent on the case was not contemporaneously entered into the billing system. Prior to the filing of the Amended Motion, I added the unlogged time into our billing system. In cases where the time spent was not immediately apparent, I logged the minimum amount of time I judged the entry warranted. The additional time noted in the Amended Affidavit is a result of this review.

([Filing No. 109-1 at 3](), ¶ 9.) MRNISO further explained that the rates sought in its Amended Motion are the same rates that fee-paying clients actually have paid for the attorneys' work on litigation and intellectual property matters between 2016 and 2018. The rates charged are based on the prevailing rates in the market and each attorney's expertise and years of experience.

Opposing MRNISO's fee request, Bell argues that the fees requested by MRNISO are unreasonably high, especially in light of the hours spent on this straightforward copyright case by Plaintiff's counsel and by co-Defendant's counsel. Further, Bell argues that MRNISO should not be rewarded more than eighty additional hours of attorney fees for its counsel's failure to contemporaneously record the time spent on the case to ensure accurate records. Bell claims that the hourly rates charged by defense counsel were unreasonably high, and Bell should not be charged for MRNISO's use of young, inexperienced associates who spent most of their time learning copyright law.

Bell argues that numerous courts have denied attorney fees to a prevailing party for time not contemporaneously recorded. *See Moore v. Colvin*, 2015 WL 8362375 (S.D. Ind. 2015); *Philbeck v. Colvin*, 2015 WL 3689323 (S.D. Ind. 2015); *Williams v. Astrue*, 2011 WL 2532905 (S.D. Ind. 2011); *Spiegel v. Colvin*, 2015 U.S. Dist. LEXIS 180877 (S.D. Ind. 2015); *Hollingsworth v. Colvin*, 2015 WL 8675143 (S.D. Ind. 2015); *English v. Colvin*, 2015 WL 5227854 (S.D. Ind. 2015). "[I]t is within a district court's power to reduce a fee award because the petition was not supported by contemporaneous time records." *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000).

Bell asserts that the time spent on the motions for summary judgment by MRNISO's counsel was excessive in comparison to the time spent by all other counsel. He also argues that MRNISO's 2.5 hours billed for an initial pretrial conference was excessive since the conference only lasted thirty to forty-five minutes. Bell also asserts that MRNISO should not be awarded nearly eight hours spent on correcting a pleading MRNISO's counsel misfiled with the Court, pointing to time entries for April 9–11, 2018.

Bell requests that the Court deny or significantly reduce the requested fees because MRNISO's counsel was providing its representation *pro bono*, or the Court should reduce the recorded time by 4.5 times to match the amount of time spent on the case by Plaintiff's counsel, deny MRNISO's counsel's fees for any time not contemporaneously recorded, or deny all excessive, redundant, or otherwise unnecessary time billed by MRNISO's counsel.

The Court concludes that the hourly rates charged by MRNISO's counsel in this case are supported by evidence and are reasonable in the Indianapolis market for cases such as this. Bell's concern about an award of fees for young, inexperienced associates is resolved by the fact that the hourly rates for those attorneys were lower than the rates for more experienced attorneys, and the Court notes that the hourly rates for those associates were consistent with the prevailing rates for associates in the Indianapolis market.

The Court is satisfied with MRNISO's explanation of why it billed 2.5 hours for the initial pretrial conference—time spent preparing for, traveling to and from, and participating in the conference as well as talking with the client about Bell's settlement demand. The billed time was not limited to the thirty to forty-five-minute conference itself. The Court is not convinced that the fee award should be reduced in this case based on *pro bono* representation, and the Court determines that using a straight comparison of the opposing counsel's billed time is not an

7

appropriate standard for adjusting the fee award. This is especially true as Bell compares Powell's billed time of 20.4 hours to MRNISO's billed time of 282.3 hours. Bell ignores the fact that Powell limited his requested time to only one motion for summary judgment, not the entire case, and Powell explicitly stated that his time was a very conservative estimate for that summary judgment motion. Additionally, Bell has considerable experience litigating this copyright infringement case as he has brought dozens upon dozens of nearly identical copyright lawsuits in federal court. Thus, comparing the hours spent by Bell and MRNISO in this litigation is not an accurate measure of reasonableness.

This Court previously has considered and rejected Bell's argument about fee requests requiring contemporaneous time records. In *Bell v. Taylor*, Bell cited to the same cases as cited here and made the same argument. In that case, this Court quoted from "a recent unanimous decision from the Supreme Court regarding awarding attorney fees," and explained,

> We emphasize, as we have before, that the determination of fees should not result in a second major litigation. The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of the district court's superior understanding of the litigation. *Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 180 L. Ed. 2d 45 (2011) (citations and quotation marks omitted).

*Bell v. Taylor*, 2016 U.S. Dist. LEXIS 116237, at *11–12 (S.D. Ind. Aug. 30, 2016).

Each of the Social Security appeal cases cited by Bell involved the same attorney who had been admonished numerous times by the courts of this District to keep time records of actual time spent on his separate cases rather than provide nearly identical estimates of his time in all of his cases. Following these numerous admonishments without any correction by the attorney, the

attorney was eventually denied his attorney fee requests for failing to follow the courts' direction. Those cases are entirely different from this case.

Here, MRNISO's counsel attested to personally reviewing the time records that were logged contemporaneously during the course of the case and then sorting through communications that were sent and received during the life of the case. He determined that some time spent on the case was not contemporaneously entered into the law firm's billing system, so he added the unlogged time into the billing system, logging the minimum amount of time warranted for a task where the time spent was not immediately apparent. Counsel attested to removing duplicative entries, unblocking certain time entries, adding additional explanations of time spent, and adjusting the amount of time entered (in almost all cases reducing time) so that the time billed was appropriate.

The time sheets provided by MRNISO ([Filing No. 109-3](); [Filing No. 109-4]()) document attorney tasks that accurately coincide with the course of this litigation and the case docket. Based on the Supreme Court's guidance in *Fox*, the distinctions from the social security fee petition cases cited by Bell, and the facts noted, the Court determines that MRNISO's time sheets and attorney affidavit provide a sufficiently reliable foundation of evidence to support an award of attorney fees.

However, the Court agrees with Bell that he should not have to pay for MRNISO's filing mistakes and its correction of those mistakes. Therefore, the Court reduces MRNISO's overall fee request by removing the following time entries and fee amounts.

| Date | Hours Billed | Amount | Ref # |
|---|---|---|---|
| April 9, 2018 | 0.4 | 120.00 | 194 |
| April 9, 2018 | 0.2 | 60.00 | 195 |
| April 9, 2018 | 1.0 | 300.00 | 207 |
| April 9, 2018 | 0.2 | 60.00 | 210 |
| April 9, 2018 | 0.2 | 60.00 | 321 |

| | | | |
|---|---|---|---|
| April 9, 2018 | 0.2 | 60.00 | 323 |
| April 9, 2018 | 0.2 | 60.00 | 327 |
| April 9, 2018 | 0.2 | 60.00 | 330 |
| April 10, 2018 | 0.2 | 60.00 | 213 |
| April 11, 2018 | 2.5 | 750.00 | 79 |
| April 11, 2018 | 0.1 | 30.00 | 214 |
| April 11, 2018 | 0.1 | 30.00 | 215 |
| April 17, 2018 | 0.1 | 30.00 | 216 |
| April 17, 2018 | 0.2 | 60.00 | 217 |
| April 17, 2018 | 0.1 | 30.00 | 218 |
| | | | |
| **Total** | 5.9 | 1,770.00 | |

(Filing No. 109-4 at 8–10.)

## IV. CONCLUSION

For the reasons stated above, Powell's Motion for Attorney Fees (Filing No. 102) is **DENIED as moot without prejudice to refile**, and MRNISO's Motions for Attorney Fees and Bill of Costs are **GRANTED** (Filing No. 103; Filing No. 104; Filing No. 109). MRNISO is awarded its attorney fees and costs **in the amount of $76,200.05** ($77,970.05 minus $1,770.00) against Plaintiff Richard N. Bell.

**SO ORDERED.**

Date: 8/21/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Maura K. Kennedy
LAW OFFICE OF MAURA K. KENNEDY
attorneymaurakennedy@gmail.com

Eric D. Schmadeke
DENSBORN BLACHLY LLP
eschmadeke@dblaw.com

Bryan Findley
INDIANA ATTORNEY GENERAL'S OFFICE
bryan.findley@atg.in.gov

Rebecca L. Loeffler
INDIANA ATTORNEY GENERAL'S OFFICE
rebecca.loeffler@atg.in.gov

Rebecca L. McClain
INDIANA ATTORNEY GENERAL'S OFFICE
rebecca.mcclain@atg.in.gov